AUSTIN P. NAGEL, ESQ.
California State Bar #118247
MILES C. McCOY, ESQ.
California State Bar #275643
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
TOYOTA MOTOR CREDIT CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CHRISTOPHER D. RUSTOM and<br>CECILIA A. RUSTOM,<br><br>    Debtors.<br>_____/ | Case No. 10-45369 WJL-13<br>(Chapter 13 Proceeding)<br><br>R.S. No. APN-1952<br><br>MOTION BY SECURED CREDITOR, TOYOTA MOTOR CREDIT CORPORATION, FOR RELIEF FROM AUTOMATIC STAY AGAINST DEBTOR AND AGAINST A NON-FILING CO-DEBTOR RE: 2006 TOYOTA RAV4 (V.I.N. JTMZK32V166001756)[11 U.S.C. §362(d)(2), 11 U.S.C. §362(d)(2), 11 U.S.C. §1301]<br><br>Date: October 12, 2011<br>Time: 10:30 am<br>Judge: William J. Lafferty<br>Ctrm: #220,<br>       1300 Clay Street,<br>       Oakland, CA |

      This is a core proceeding as defined by the United States Bankruptcy Code and this

creditor consents to a final Order or Judgment by the above-entitled Court.

The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §157(a), et seq. and 28 U.S.C. §1334, et seq.

PLEASE TAKE NOTICE that as specified above, Secured Creditor, TOYOTA MOTOR CREDIT CORPORATION (hereinafter referred to as "Secured Creditor"), a Secured Creditor of Debtor, CECILIA A. RUSTOM, (hereinafter referred to as "the Debtor") and the non-filing Co-Debtor, CHRISTINE KYAW, (hereinafter referred to as the "non-filing Co-Debtor") will move this Court to vacate the automatic stay entered in this proceeding as it pertains to the 2006 TOYOTA RAV4 (V.I.N. JTMZK32V166001756) (hereinafter referred to as "the property"), so that Secured Creditor's interest in and to the property may be foreclosed or otherwise disposed of in any manner permitted by the laws of the State of California.

PLEASE TAKE FURTHER NOTICE that there is no provision under the prevailing contractual agreement or under California State law which requires Secured Creditor to send monthly invoices or payment coupons and Secured Creditor contends that upon assignment of the contract to Secured Creditor the Debtor and/or the non-filing Co-Debtor CHRISTINE KYAW were, in the normal course of business, informed of the identity of the holder of the contract, the amount of the monthly payment, the date upon which the monthly payment is due, and the address to which monthly payments should be sent. Additionally, Secured Creditor contends that the Debtor and/or the non-filing Co-Debtor were also admonished not to rely upon the receipt of monthly statements or payment coupons in order to make the monthly payments.

PLEASE TAKE FURTHER NOTICE that as specified above, pursuant to the terms of the prevailing contractual agreement, Secured Creditor, an oversecured creditor hereunder, will move the above-captioned Court to award it reasonable attorneys' fees, as incurred herein, pursuant to 11 U.S.C. §506(b).

This Motion is made on the grounds that the prevailing contractual agreement is in default and that Secured Creditor is without adequate protection because the monthly payments due thereunder are delinquent and the Debtor and/or non-filing Co-Debtor are still in possession of the property.

This Motion is made on the grounds that the Chapter 13 Plan put forth by Debtor hereunder is not a 100% plan and, therefore, Secured Creditor is not adequately protected hereunder as is required by the laws which govern the administration of this proceeding.

Moreover, this Motion is brought pursuant to 11 U.S.C. §362(d)(1) for "cause" based upon Debtor's failure to make the required post-Petition payments. As set forth in In Re Ellis, 60 B.R. 432, failure to make required payments constitutes "cause" to vacate the pending automatic stay provisions.

Accordingly, Secured Creditor cannot be assured of repayment of the outstanding balance on the account which is the subject hereof nor can it be assured of the proper operation, care, and/or maintenance of the property. Therefore, Secured Creditor lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. §362.

Secured Creditor will move the above-captioned Court to exercise its jurisdiction in this matter and grant Secured Creditor immediate relief from the pending automatic stay provisions which will allow Secured Creditor to take immediate possession of the property and dispose of the same during the normal course of business.

Secured Creditor will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C.§§362, 1301 and any and all notice required by State and/or Federal law, regulation or statute.

Pursuant to *Federal Rules of Bankruptcy Procedure, Rule 4001(d)*, a true and correct photocopy of the [proposed] Order setting forth Secured Creditor's request for relief is filed separately herewith and is incorporated herein by reference.

Also, Secured Creditor will move the Court to grant such other and further relief as the Court may deem just and proper.

This Motion is based on the Notice of Motion, the Motion, the Declaration of Sylvia Ludman, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Secured Creditor respectfully prays that this Court:

1. Vacate the automatic stay provisions effected under 11 U.S.C. §362, as to the Debtors, CHRISTOPHER D. RUSTOM and CECILIA A. RUSTOM, along with any and all other stays which might be in effect, so as to allow Secured Creditor to enforce its rights and remedies under the parties' original, contractual agreement and thereby allow Secured Creditor to gain immediate possession of the property and dispose of the same in a commercially-reasonable sale;

2. Terminate the pending automatic stay provisions to allow Secured Creditor to send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C. §§362, 1301 and any and all notice required by State and/or Federal law, regulation or statute;

3. Allow Secured Creditor to file or amend its unsecured claim to allow Secured Creditor to receive, or otherwise collect, any deficient amount that may exist on the Debtor account after sale of the property;

4. Award Secured Creditor payment of such attorneys' fees and costs as may be reasonable pursuant to 11 U.S.C. §506(b) and pursuant to the applicable provisions of the prevailing contractual agreement;

1      5.    Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule
2  4001(a)(3); and,
3      6.    Grant such other and further relief as the Court may deem just and proper.

Dated:  September 12, 2011           LAW OFFICES OF
                                     AUSTIN P. NAGEL


                                     /s/ Miles C. McCoy
                                     _____
                                     Attorneys for Secured Creditor,
                                     TOYOTA MOTOR CREDIT
TOYMO.3011                           CORPORATION