AUSTIN P. NAGEL, ESQ.
California State Bar #118247
MILES C. McCOY, ESQ.
California State Bar #275643
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone:  (925) 855-8080
Facsimile:  (925) 855-8090

Attorneys for Secured Creditor,
TOYOTA MOTOR CREDIT CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 10-45369 WJL-13<br>(Chapter 13 Proceeding) |
| CHRISTOPHER D. RUSTOM and<br>CECILIA A. RUSTOM, | R.S. No.  APN-1952 |
| Debtors.<br>_____/ | DECLARATION OF SYLVIA LUDMAN IN SUPPORT OF MOTION BY SECURED CREDITOR, TOYOTA MOTOR CREDIT CORPORATION, FOR RELIEF FROM AUTOMATIC STAY AGAINST DEBTOR AND AGAINST A NON-FILING CO-DEBTOR RE: 2006 TOYOTA RAV4 (V.I.N. JTMZK32V166001756) [11 U.S.C. §362(d)(1), 11 U.S.C. §362(d)(2), 11 U.S.C. §1301] |
| | Date:  October 12, 2011<br>Time:  10:30 am<br>Judge:  William J. Lafferty<br>Ctrm:   #220,<br>          1300 Clay Street,<br>          Oakland, CA |

I, SYLVIA LUDMAN declare as follows:

I am an Asset Protection Adminsitrator employed by Secured Creditor TOYOTA MOTOR CREDIT CORPORATION (hereinafter referred to as "Secured Creditor"), a creditor herein.  During the course of my employment, my duties include, but are not limited

to, monitoring accounts for lapses in payment, lapses in insurance coverage, and handling respective customers' problems with their account.

I am the custodian and/or keeper of the business records referenced herein and, as such, I am qualified to certify the authenticity thereof. Additionally, I have personal knowledge of the matters stated in this Declaration except as to those stated on information and belief and as to those matters, I believe them to be true and correct. If called upon as a witness, I could, and would, competently testify to the facts contained herein.

After reviewing the books, records and files of the above-referenced matter, I make the following Declaration.

I am informed and believe, and thereon allege, that Debtor, CECILIA A. RUSTOM, (hereinafter referred to as "Debtor") and the non-filing Co-Debtor, CHRISTINE KYAW, (hereinafter referred to as the "non-filing Co-Debtor") executed a written contractual agreement on or about June 11, 2006 for the purchase of a 2006 TOYOTA RAV4(V.I.N JTMZK32V166001756) (hereinafter referred to as the "the property") which Debtors, CHRISTOPHER D. RUSTOM and CECILIA A. RUSTOM have listed in their Chapter 13 Petition and requested discharge therefrom. True and correct copies of the contractual agreement and the Certificate of Title for the property are filed separately herewith and are incorporated herein by reference. The aforementioned, prevailing **Security/Lease Agreement** was duly assigned by Concord Toyota to Secured Creditor during the normal course of business on or about June 11, 2006.

Pursuant to the terms and conditions contained in the parties contractual agreement, the Debtor and/or the non-filing Co-Debtor are obligated to pay Secured Creditor monthly payments in the sum of $550.80 each, commencing at the inception of the contract.

**Moreover, under and pursuant to the Confirmed Chapter 13 Plan put forth by Debtor hereunder, Secured Creditor is to be paid directly, pursuant to the terms of the**

2

**prevailing contractual agreement.**

Secured Creditor has not received payment on this account since August 20, 2010 and, therefore, is not receiving adequate protection of or adequate compensation for, the Debtor's obligation to it. More specifically, as of the date hereof, the Debtor and/or the non-filing Co-Debtor are past due for a portion of the July, 2010, payment in the amount of $401.60, August, 2010, through and including August, 2011, monthly payments at the rate of $550.80 per month and will become due for the sum of $550.80 again on September 26, 2011, as evidenced by the payment history filed separately herewith.

Not only has Debtor failed to comply with the terms and conditions under which Debtor allowed to file this proceeding but Debtor and/or the non-filing Co-Debtor have failed to comply with the terms and conditions of the prevailing contractual agreement in that they have failed to provide Secured Creditor with payment for the purchase, use, and enjoyment of the property and Debtor and/or the non-filing Co-Debtor have failed to comply with the laws which govern the administration of this proceeding.

Based upon information derived from the Kelley Blue Book Auto Market Report, a true and correct photocopy of which is filed separately herewith and is incorporated herein by reference, that the property has a replacement value to the Debtor of $15,825.00. This is the value indicated for collateral of this year, make, model and general features in the reference guide most commonly used source of valuation data used by Movant in the ordinary course of business for determining the value of this type of collateral.

The Debtor and/or the non-filing Co-Debtor presently have an outstanding balance of $14,608.37 on the subject account. Secured Creditor, an oversecured creditor hereunder, is entitled to payment of its reasonable attorneys' fees and costs pursuant to the applicable provisions of 11 U.S.C. §506(b) and the applicable provisions of the contractual agreement in light of the fact that the Debtor has forced Secured Creditor to defend its position under

the above-entitled matter and the Debtor has forced Secured Creditor to file this action in order to protect the property and the security/ownership interest Secured Creditor maintains therein.

The value of the property is depreciating and continues to depreciate while the property is not being paid and/or protected. Secured Creditor's interest, therefore, is not adequately protected and Secured Creditor requests relief from stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of September, 2011, in, Torrance, California.


                                        /s/ Sylvia Ludman
                                        SYLVIA LUDMAN

TOYMO.3011